STATE, *ex rel.* CHAS. L. BEERS, v. E. A. LATHAM, Chairman of Board of County Commissioners; O. G. SAGE, Supervisor of Registration, and J. E. PEACOCK, *County Judge,* all of Volusia County, as and constituting the County Canvassing Board of Volusia County, *et al.*

169 So. 591.
Opinion Filed August 4, 1936.

*Louis Ossinsky, Horn & Ossinsky,* and *Scarlett & Futch,* for Relator;

*Horace D. Riegle,* for Respondents.

PER CURIAM.—This is an original mandamus proceeding to coerce a recount of ballots cast in the second primary in June, 1936, in certain precincts in Volusia County, Florida, for candidates for the office of Justice of the Peace.

Alternative writ of mandamus was issued on July 13, 1936. Demurrer and motions to quash were interposed and overruled on July 23, 1936. Returns have been filed and amongst other motions there has been filed a motion to issue the peremptory writ, the returns notwithstanding.

The alternative writ of mandamus alleges in part as follows:

"That at said Second Primary Election the relator, Chas. L. Beers and one H. T. Titus were candidates for nomination by the said Democratic Party for the office of Justice of the Peace in and for the Eighth Justice District of Volusia County, Florida, and at such sceond primary election the relator, according to the purported returns of the aforesaid election Inspectors and Clerks, received only an equal number of votes as the said H. T. Titus, whereas in truth and in fact the relator received at least one more vote than was counted and returned for him, and relator actually received a majority vote of all the votes cast in such election for nomination to the office of Justice of the Peace in and for the Eighth Justice District of Volusia County, Florida, as will hereinafter more fully appear, and the said H. T. Titus did not receive with relator an equal number of votes cast at said election for the said nomination for the said office, and did not actually receive such purported votes as now seemingly appears from the canvass of the purported returns from the said election precincts, but in truth and in fact received at least one vote less than the number of votes

purported to have been received by him for such nomination for such office, all as will more fully appear hereinafter.

"That the said Inspectors and Clerk appointed to conduct said Second Primary Election in said Precinct No. 8 of said County, to-wit: James M. Titus, Clarence V. Bracey, Thomas F. Luther, and P. C. Rodgers, failed to perform their duty and they should be required to correct the purported returns attempted to have been made by them, in that they failed to count one legal ballot regularly marked and cast for relator because the ballot was marked in ink; that such ballot was illegally rejected by the said election Inspectors and Clerk, in that the marking of the said ballot was regular in every respect and the ballot was marked by placing a plain and legible cross-mark to the right of relator's name, and the Inspectors and Clerk had no discretion to exercise with respect to counting such ballot, in that the statute does not require that ballots be marked in pencil, and there was no uncertainty or ambiguity in the name voted for, and the Inspectors and Clerk should have counted, and should be required to count and return the said vote and ballot for relator as cast.

"That the said Inspectors and Clerk appointed to conduct said Second Primary Election in said Precinct No. 8-C of said County, to-wit: Simon Reed, Charles E. Messing, John W. Stokes and A. O. Folsom, failed to perform their duty and they should be required to correct the purported returns attempted to have been made by them, in that they called a ballot as having been voted for the said H. T. Titus, and tallied such ballot in accordance with such call when there was no semblance of an attempt on the part of the voter to express a choice by making a mark either before or after the name of the said H. T. Titus, and such Inspectors and Clerk had not discretion to exercise with respect to counting

such vote, in that the only mark on such vote in connection with the office of Justice of the Peace in and for the Eighth Justice District of Volusia County, Florida, is a mark drawn through the name of the relator, and such mark fails entirely to comply with the statutory requirements, and such Inspectors and Clerk should be required to omit such ballot from the call, tally and return of the votes cast for the said H. T. Titus."

Other allegations of the alternative writ are not necessary to be set out or discussed.

The order on the demurrer and motion to quash the alternative writ disposes of the question of the sufficiency of the alternative writ.

P. C. Rodgers, Clerk of election, in Precinct No. 8, hereinabove referred to, alleges, in part, as follows:

"That he admits that he was the Clerk appointed to conduct said Second Primary Election, held on June 23rd, 1936, in Precinct 8 of Volusia County, Florida, and that he acted as such Clerk at said Election; that at said Precinct there was a particular ballot cast on which there was a cross-mark made with ink to the right of the name of either Chas. L. Beers or H. T. Titus, candidates for the office of Justice of the Peace in and for the Eighth Justice District of Volusia County, Florida, but do not know which name said cross-mark was after, and that said particular ballot was not counted for either Chas. L. Beers or H. T. Titus because the cross-mark on said ballot was made with ink and was not marked in pencil, and said ballot was marked 'void' by the Inspectors."

The return of Clarence V. Bracey, Inspector of election at Precinct No. 8 neither admits or denies the allegations of the alternative writ in regard to that precinct.

Latham, as Chairman of the Board of County Commis-

sioners of Volusia County, Florida, James M. Titus and Thomas Luther, Inspectors of election, Precinct No. 8 of Volusia County, and Simon Reed, Inspector of election, Precinct No. 8-C, made return in part as follows:

"That these respondents deny that said Inspectors and Clerk appointed to conduct said second primary election in said Precinct No. 8 of said County, to-wit, JAMES M. TITUS, CLARENCE V. BRACEY, THOMAS F. LUTHER and P. C. RODGERS, failed to perform their duty and that they should not be required to correct the returns made by them and say that they do not recall for whom a ballot marked in ink was cast for the Justice of the Peace for the Eighth Justice District for Volusia County, Florida, and these respondents further say that they do not recall whether or not the marking of said ballot was regular in every respect or whether there was a mark in the nature of a cross-mark either at the right or at the left of the relator's name or whether the voter indicated any choice for either the relator or HENRY T. TITUS and these respondents further say, in answer to paragraph Three (3), that, without consideration for whom said ballot was marked, it was determined by unanimous vote that the ballot being marked in ink, when pencils were provided in said election booths, was an identified ballot and should not have been counted.

"That these respondents deny that said Inspectors and Clerk appointed to conduct said Second Primary Election in said Precinct No. 8-C of said County, to-wit, SIMON REED, CHARLES E. MESSING, JOHN W. STOKES and A. O. FOLSOM, failed to perform their duty and deny that they should be required to correct their returns and say that they did not intentionally call or tally a ballot for HENRY T. TITUS when there was no semblance of an attempt on the part of the voter to express a choice by making a mark either before

or after the name of said HENRY T. TITUS and that these respondents do not recall that a vote was called and tallied for HENRY T. TITUS where the only mark on such vote in connection with the office of the Justice of the Peace in and for the Eighth Justice District of Volusia County, Florida, is a mark through the name of the Relator and say that these respondents endeavored and did count only those votes where the intention of the voter was expressed by indicating at the right or left of the person's name for whom such vote was called and tallied some mark in the nature of a cross-mark sufficient in the opinion of these respondents to comply with the statutory requirements."

Folsom and Stokes, Clerk and Inspector, respectively, of Precinct No. 8-C, made return. The return made by Folsom alleges in part as follows:

"That he admits he was one of the clerks appointed to conduct said Second Primary Election, held June 23rd, 1936, in Precinct 8-C of said County, and that he acted as such clerk at said election; that at said Precinct there was a ballot cast on which there was a mark drawn through the name of Chas. L. Beers, and that when that said particular ballot was counted, said particular ballot was counted and tallied for H. T. Titus; that there was no other mark on said ballot in connection with the office of Justice of the Peace in and for the Eighth Justice District of Volusia County, Florida, except the mark through the name of Chas. L. Beers, and that there was on said particular ballot so counted and tallied for H. T. Titus, no cross-mark either before or after the name of H. T. Titus."

The return made by Stokes is to like effect.

Other respondents making return say that they are ready and willing to perform in accordance with the command of the alternative writ.

164

From the foregoing it will be observed that the returns of a majority of the Inspectors and Clerks of the two Precincts involved show that the allegations of the alternative writ are true. The allegations of the alternative writ, having been heretofore held sufficient, it follows that the peremptory writ should now issue and it is now so ordered.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.